## EXHIBIT 2

## PLAINTIFF'S ORIGINAL PETITION

FILED
3/11/2016 2:10:53 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-16-01243-E

CAUSE NO._____

| | | |
|---|---|---|
| ISIDRO SOTO, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NUMBER _____ |
| | § | |
| DONALD EVANS AND D&M EXPRESS, | § | |
| INC. | § | DALLAS COUNTY, TEXAS |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff ISIDRO SOTO complaining of and against DONALD EVANS ("Evans") and D&M EXPRESS, INC. ("D&M EXPRESS"), and would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff submits this action under Discovery Control Plan Level II, per Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### RELIEF

2.      Plaintiff seeks $100,000 but not more than $200,000.

### III.
### JURISDICTION

3.      This Court has jurisdiction as Plaintiff's damages sought are within the jurisdictional limits of this Court.


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

## IV.
## VENUE

4.      All or a substantial part of the events giving rise to this claim occurred in Dallas County, therefore Venue is proper in Dallas County pursuant to C.P.R.C. § 15.002(a)(1).

## V.
## PARTIES

5.      Plaintiff is an individual domiciled in Dallas County, Texas.

6.      Defendant, DONALD EVANS is an individual who may be served with process at his place of residence, located at 6436 Hayward Ave, Kingston, Oklahoma 73439. **Issuance of citation is requested at this time.**

7.      Defendant, D&M EXPRESS, INC., is foreign entity doing business in the State of Texas and may be served with process by serving its owner, Donald Evans, located at 6436 Hayward Ave, Kingston, Oklahoma 73439. **Issuance of citation is requested at this time.**

## VI.
## JURY DEMAND

8.      Plaintiff hereby respectfully requests that a jury be convened to try the factual issues of this case.

## VII.
## CAUSE OF ACTION

9.      On or about July 10, 2014, Plaintiff was sitting inside his 18-wheeler on the premises of 1475 Post and Paddockway in Grand Prairie, Texas. Defendant DONALD EVANS was also driving a tractor-trailer, owned and controlled by Defendant D&M EXPRESS, INC., when Defendant EVANS was inattentively backing and caused his 18-wheeler to strike Plaintiff's vehicle. At all times, Defendant failed to keep a proper look out  for clear view of traffic.  It was the Defendant's

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

negligence, and negligence *per se*, which was the proximate cause of Plaintiff's personal injuries and property damage.

## VIII.
## NEGLIGENCE OF DEFENDANT EVANS

10.    Defendant's negligence was the proximate cause of the bodily injuries to Plaintiff and property damages. Defendant's acts or omissions, were unjustifiable and likely to cause serious harm to the Plaintiff and the public and included but are not limited to the following, to wit:

      a.    In failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

      b.    In failing to apply the brakes to the vehicle in order to avoid the collision;

      c.    In failing to turn the direction of the vehicle away from the Plaintiff, in order to avoid the accident;

      d.    In failing to be attentive to traffic;

      e.    In failing to use due care to avoid the collision;

      f.    In failing to sound horn or warn Plaintiff prior to the accident;

      g.    In failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid collision;

      h.    In causing an accident involving personal injuries or death in violation of Texas Transportation Code § 550.021.

11.    Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiff sustaining injuries and damages that are described below. As a result, Plaintiff cause of action arises out of a basis of law, thus entitling Plaintiff to the relief sought.


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

## IX.
## DEFENDANT D&M EXPRESS NEGLIGENT ENTRUSTMENT
### A. Respondeat Superior/Vicarious Liability

12.     At the time of the collision described above, Defendant EVANS was acting in the course and scope of his employment for Defendant D&M EXPRESS driving an 18-wheeler truck owned and operated by Defendant D&M EXPRESS. Consequently, the acts and omissions of Defendant EVANS are imputed to Defendant D&M EXPRESS. Therefore, Defendant D&M EXPRESS is vicariously liable for Defendant general, *per se*, and gross negligence under the doctrine of *respondeat superior.*

### B. Negligent Entrustment

13.     At all relevant times, Defendant D&M EXPRESS owned the truck involved in the collision in question and entrusted the use of said truck to Defendant EVANS . Defendant D&M EXPRESS knew, or should have known, that Defendant EVANS was an incompetent or reckless driver. Nevertheless, Defendant D&M EXPRESS proceeded to entrust its 18-wheeler truck to Defendant EVANS who, in turn, drove negligently and proximately caused Plaintiff injuries and damages.

### C. Negligent Hiring, Training, Supervision and Retention of Defendant Evans

14.     Defendant D&M EXPRESS failed to use the ordinary care that an ordinary person should have used in the hiring, training, supervision and retention of Defendant EVANS. D&M EXPRESS hired Defendant EVANS for a truck driver position for which he was not competent or fit. Further, it failed to train Defendant EVANS so that he could become competent or fit. Still further, it failed to supervise Defendant EVANS and to correct his deficiencies so that he could safely operate 18-wheeler trucks. Still further, Defendant D&M EXPRESS failed to timely remove Defendant EVANS from his job as 18-wheeler driver, despite Defendant EVANS being incompetent and unfit to drive

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

18-wheeler trucks. These failures were, singularly or in combinations a proximate cause of the collision in question and Plaintiff's injuries and damages.

## X.
## EXEMPLARY DAMAGES

15.     The conduct of the Defendant, entitle the Plaintiff to recover exemplary damages, under TEX. CIV. PRAC. & REM. CODE ANN. § 41.003, against Defendant.

## XI.
## DAMAGES

16.     As a direct and proximate result of the negligent conduct of Defendants, Plaintiff suffered severe  injuries including but not limited  to his neck, upper back pain, left shoulder. Plaintiff specifically sues for the following legal damages:

     a.     Medical expenses in the past and future;

     b.     Physical impairment in the past and future;

     c.     Physical pain and mental anguish in the past and future; and

     d.     Loss wages.

## XII.
## PLAINTIFF'S REQUEST FOR DISCLOSURES TO DEFENDANT

17.     Plaintiff requests that Defendant disclose the information and material described in TEX. R. CIV. P. 194.2 (a) - (l). In addition to the materials requested in TEX. R. CIV. P. 194.2, Plaintiff requests that Defendant disclose all documents, electronic information, and tangible items that are in Defendant's possession, custody, or control and may use to support its claims or defenses. Defendant's responses shall be delivered to Plaintiff's attorney of record at 400 S. Zang Boulevard, 6th Floor, Suite 600, Dallas, Texas 75208 within fifty (50) days from the date of service hereof.



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

Plaintiff also requests that Defendant supplement responses to this Request for Disclosure, as provided by TEX. R. CIV. P. 192, 193, and 194.

### XIII.
### NOTICE OF USE OF DOCUMENTS

18.     Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiff hereby gives notice to Defendant that he intends to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

### XIV.
### PRAYER

19.     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the following:

     a.     Medical expenses in the past and future;

     b.     Physical impairment in the past and future;

     c.     Physical pain and mental anguish in the past and future;

     d.     Loss wages;

     e.     Exemplary damages, as found to be reasonable by the trier of fact;

     f.     Pre and post judgment interest at the maximum legal rate;

     g.     Costs of Court; and

     h.     Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

LAW OFFICES OF DOMINGO GARCIA, P.C

By:    /s/ David Trosman
        David Trosman
        State Bar No.24064175
        E-Service: david@dgely.com
        Email:david@dgley.com
        400 S. Zang Blvd.
        6th Floor Suite 600
        Dallas, Texas 75208
        Telephone: 214-941-8300
        Facsimile: 214-943-7536
        **ATTORNEY FOR PLAINTIFF**

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE