IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISIDRO SOTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:16-CV-2081-D |
| | § | |
| DONALD EVANS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action arising from a motor vehicle accident between a tractor-trailer operated by defendant Donald Evans ("Evans") and a parked eighteen-wheeler operated by plaintiff Isidro Soto ("Soto"), defendants Evans and D&M Express, Inc. ("D&M") move for partial summary judgment on Soto's claims for gross negligence/exemplary damages, negligent entrustment, and negligent hiring, training, supervision, and retention of Evans. Evans and D&M filed their motion on June 7, 2017. Soto has not responded to the motion, and the court now grants it.[1]

When, as here, the summary judgment movants will not have the burden of proof on a claim at trial, they can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*,

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

477 U.S. 317, 325 (1986). Once the movants do so, the nonmovant must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

Evans and D&M have pointed in their motion to the absence of evidence to support Soto's claims for gross negligence/exemplary damages, *see* Ds. Mot. & Br. 5-6, negligent entrustment, *see id.* at 6-7, and negligent hiring, training, supervision, and retention of Evans, *see id.* at 8. The burden has therefore shifted to Soto to present evidence that creates a genuine issue of material fact. Soto has not responded to defendants' motion.[2] Although his failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g., Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman*

---

[2]Soto's response was due June 28, 2017. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

- 2 -

*v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).  Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Because defendants have pointed to the absence of evidence to support Soto's claims and Soto has not produced evidence in response to defendants' motion, defendants are entitled to partial summary judgment dismissing Soto's claims for gross negligence/exemplary damages, negligent entrustment, and negligent hiring, training, supervision, and retention of Evans.

\* \* \*

Accordingly, the June 7, 2017 motion for partial summary judgment of defendants Evans and D&M is granted, and Soto's claims for gross negligence/exemplary damages, negligent entrustment, and negligent hiring, training, supervision, and retention of Evans are dismissed.

**SO ORDERED**.

July 18, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE